**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARNAA, LLC, | No. 17-16233 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-03221-WHA |
| v. | |
| GOOGLE LLC, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 15, 2018[**]
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[***]
District Judge.

Darnaa, LLC posted a music video to YouTube in the hopes of amassing

public views, a metric used by the music industry to assess an artist's commercial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

viability. Subsequently, YouTube accused Darnaa of artificially inflating the video's view count in violation of YouTube's Terms of Service—the agreement that Darnaa accepted before posting the video. Accordingly, YouTube removed Darnaa's video and associated view count from its website. Darnaa sued for breach of the implied covenant of good faith and fair dealing, alleging that YouTube failed to determine in good faith if Darnaa had manipulated the view count. The district judge dismissed the claim as barred by the agreement's limitation of liability provision, which forecloses damages arising from "any interruption or cessation of transmission to or from [YouTube's] services," or "any errors or omissions in any content." Darnaa appeals, arguing that this provision is unconscionable or otherwise invalid under California Civil Code § 1668. We review the district court's findings of law de novo and affirm.

**1.** The limitation of liability provision is not unconscionable.

> [U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. Both substantive and procedural unconscionability must be present in order for a court to find a contract unconscionable, but they need not be present in the same degree.

*Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (internal quotation marks and citations omitted). As a general matter, "[l]imitation of

2

liability clauses 'have long been recognized as valid in California.'" *Lewis v. YouTube, LLC*, 197 Cal. Rptr. 3d 219, 224 (Ct. App. 2015) (quoting *Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 147 Cal. Rptr. 3d 634, 641-42 (Ct. App. 2012)).

Even though Darnaa had no opportunity to negotiate the terms of the agreement, the degree of procedural unconscionability resulting from its adhesive nature is low. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260-62 (9th Cir. 2017). A term is not oppressive where, as here, the customer has "reasonably available alternative sources of supply from which to obtain the desired goods and services free of the terms claimed to be unconscionable." *Lennar Homes of Cal., Inc. v. Stephens*, 181 Cal. Rptr. 3d 638, 651-52 (Ct. App. 2014) (quoting *Dean Witter Reynolds, Inc. v. Superior Court*, 259 Cal. Rptr. 789, 798 (Ct. App. 1989)). Darnaa alleges that music industry practices have rendered YouTube the only viable choice for displaying videos. But the relevant standard is whether "reasonably available" alternatives exist, not equally dominant or popular alternatives. *See id.* at 651; *accord Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 62 (D.D.C. 2014) (identical contract not procedurally unconscionable because "[p]laintiffs could have publicized [their] video by putting it on various other file-

3

sharing websites or on an independent website"). Indeed, Darnaa's complaint acknowledges that artists can display their music videos on various websites. Finally, the provision does not bear other indicia of undue surprise, as it is clearly identifiable and printed in all caps. *See, e.g.*, *Kilgore v. KeyBank, Nat'l Assoc.*, 718 F.3d 1052, 1059 (9th Cir. 2013).

The clause is not substantively unconscionable, as it is not "unreasonably favorable" to YouTube, "unduly oppressive," or conscience shocking. *See Poublon*, 846 F.3d at 1261 (quoting *Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 748 (Cal. 2015)). While the limitation of liability provision precludes only the user from recovering damages, "a contract can provide a 'margin of safety' that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable." *Sanchez*, 353 P.3d at 749 (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 691 (Cal. 2000)). Because YouTube offers its video streaming services at no cost to the user, it has a valid commercial need to limit liability for actions taken to regulate its platform. On this basis, the California Court of Appeal has recently enforced the very same limitation of liability

4

provision of YouTube's Terms of Service—the agreement at issue here. *Lewis*, 197 Cal. Rptr. 3d at 224; *accord Song fi, Inc.*, 72 F. Supp. 3d at 63.

**2.** California Civil Code Section 1668 ("Section 1668") does not save Darnaa's claim. Section 1668 forbids contractual terms "which have for their object . . . to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another." CAL. CIV. CODE § 1668. As interpreted by California courts, Section 1668 generally does not prohibit parties from limiting liability for breach of contract, including breach of the implied covenant. *See Food Safety Net*, 147 Cal. Rptr. 3d at 642-43 (Section 1668 does not limit claims for breach of the implied covenant, which, "outside the context of insurance policies" are contractual rather than tortious); *N. Star Gas Co. v. Pac. Gas & Elec. Co.*, No. 15-cv-02575-HSG, 2016 WL 5358590, at *16 (N.D. Cal. Sept. 26, 2016) (same); *see also Cates Constr., Inc. v. Talbot Partners*, 980 P.2d 407, 416 (Cal. 1999) (action for breach of the implied covenant is an action sounding in contract). We see no reason to depart from this principle here.

Because we find that the limitation of liability provision bars Darnaa's claim, we do not address defendants-appellees' alternate grounds for affirmance.

**AFFIRMED.**